(34 Misc. Rep. 519.)

HARRISON v. WEIR.

(Supreme Court, Appellate Term.   April 22, 1901.)

1. COMMON CARRIERS—LOSS OF ANIMALS—BREACH OF CONTRACT.
   Where defendant contracted to ship five dogs for plaintiff on a particular train, and by reason of their being shipped on an earlier train, and the consequent failure of plaintiff to be present to receive them, one of them died from the long confinement, defendant was liable for the loss.
2. SAME—DUTY OF SHIPPER—QUESTION—MATERIALITY.
   Plaintiff contracted with defendant to ship certain dogs by a certain train, and delivered them to defendant in a crate, and thereafter took the crate containing them to the place at which they were to be left.  Defendant shipped them by an earlier train, and, no one being present to receive them, they were returned to the place of shipment.  The crate was locked, and plaintiff telephoned to the place of shipment to have them forwarded.  One of them died from excessive confinement.  Held, that defendant was liable for breach of contract to ship on a particular train.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Roger G. Harrison against Levi C. Weir, as president of
the Adams Express Company. From a judgment in favor of plaintiff,
defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-
TRITT, JJ.

R. R. Rogers, for appellant.
H. Hoffman Browne, for respondent.

BISCHOFF, P. J. Plaintiff delivered a crate containing five dogs
to the defendant's company for carriage to Danbury, Conn., the agree-
ment being that the animals should be forwarded by a particular
train, in order that the plaintiff might give his personal attention to
them during the journey. The company failed to perform its agree-
ment, and forwarded the crate upon an earlier train, with the result
that it was finally returned to the plaintiff's address in this city, after
he had arrived at Danbury. Learning of this at a time when no train
was available, he communicated, by telephone, with one of his neigh-
bors, and instructed him to deliver the crate to the company again
for immediate delivery, and it finally reached Danbury, but, as an in-
cident of the long confinement in the crate, one of the dogs died. The
amount of the judgment is well within the evidence as to the value of
this dog, and there is no ground for the assumption that any improp-
er items of damage, claimed by the plaintiff, were included. The only
question which the record presents, and the sole point taken upon this
appeal, relates to the award of damages for the loss of the dog, and
in our view the case was properly decided. Granting that a common
carrier's liability as an insurer does not extend to the carriage of ani-
mals, the plaintiff's right to a recovery in this case is still unaffected.
His case is not rested upon the mere fact that the dog died, but upon
the company's breach of its contract to transport the animal by a par-
ticular train, and the question of the general liability of the carrier
under an ordinary contract of carriage does not arise. The carrier
having made the agreement for a special transportation, the plaintiff
was under no obligation to explain the precise consequences which
would follow its breach. Assumedly, there would be peculiar conse-
quences; otherwise, the special mode of carriage was unnecessary.
It is quite clearly disclosed by the record that the cause of the dog's
death was an overstrained bladder, which, because of its training, it
could not relieve during confinement; and that excessive confinement
was due to the defendant company's breach of its contract can hardly
be disputed. Upon discovering the defendant's failure to perform, the
plaintiff did all he could to save himself from loss. He could not re-
turn to the city to reship the dogs, because there was no train; the
crate could not be opened by others, because he had the key; and he
certainly was not required to keep an agent in New York for the sole
purpose of attending to the forwarding of these dogs in his absence,
in anticipation of the defendant's failure to perform the contract
which had been made. By enlisting the services of his neighbor, the
plaintiff did all that was to be done, and whether the neighbor used
all possible dispatch or not is immaterial, as we view the case. The
loss of the dog was the approximate result of the defendant company's

breach of its express contract, and to absolve it from liability upon the facts disclosed would be an injustice to the plaintiff, which no principle of law would serve to uphold.

The judgment should be affirmed, with costs. All concur.